## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

**REVEREND CYNTHIA LOUISE ZEEDYK TWOEAGLES, PH.R.**,

     Plaintiff,

vs.                                                          **No. 13cv0421 JB/KBM**

**BERNALILLO COUNTY CHILD PROTECTIVE SERVICES;**
**ALBUQUERQUE POLICE DEPARTMENT;**
**BERNALILLO COUNTY SHERIFF'S OFFICE,**

     Defendants.

### MAGISTRATE JUDGE'S ANALYSIS
### AND RECOMMENDED DISPOSITION[1]

    **THIS MATTER** comes before me on an Order of Reference issued pursuant to 28 U.S.C. §§

636(b)(1)(B), (b)(3), and *Virginia Beach Fed. Sav. & Loan Ass'n v. Wood*, 901 F.2d 849 (10th Cir.

1990), directing me to "perform any legal analysis required to recommend to the Court an ultimate

disposition" of any motions filed in this case.  *See* Doc. 5.  Before the Court is pro se plaintiff

Reverend Cynthia Louise Zeedyk Twoeagles' *Application to Proceed in District Court without*

*Prepaying Fees or Costs* (hereinafter called a motion to proceed *in forma pauperis (*"IFP")) [Doc. 2].

    Because of this motion, the Court must "review the affidavit and screen her case under 28

U.S.C. §§ 1915(a) and (e)."  *Lister v. Dep't of Treasury*, 408 F.3d 1309, 1311 (10th Cir. 2005).

Screening the case under § 1915(e) includes determining whether "the allegation of poverty is

untrue" as well as determining whether the action "is frivolous or malicious, . . . fails to state a claim

---

[1]  **Within fourteen (14) days after a party is served with a copy of this analysis and recommended disposition, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such analysis and recommendation.  A party must file any objections within the fourteen-day period allowed if that party wants to have appellate review of the analysis and recommendation. If no objections are filed, no appellate review will be allowed.**

on which relief may be granted; or [] seeks monetary relief against a defendant who is immune from such relief." § 1915(e). In reviewing the Complaint, I "will not supply additional facts, [or] construct a legal theory for [a] plaintiff that assumes facts that have not been pleaded." *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989).

"[I]n order to succeed on a motion to proceed IFP, the movant must show a financial inability to pay the required filing fees, as well as the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised in the action." *Lister*, 408 F.3d at 1312. If the Court determines that "the allegation of poverty is untrue," or that a complaint filed without the prepayment of filing fees fails to state a claim, it must dismiss the case. *See* § 1915(e)(2)(A), (B); *Trujillo v. Williams*, 465 F.3d 1210, 1217 n. 5 (10th Cir. 2006) (noting that the dismissal of complaints under § 1915(e) is now mandatory).

Regarding the ability-to-pay prong of the IFP analysis, IFP status should be granted only if a plaintiff demonstrates that she "cannot because of [her] poverty pay or give security for the costs . . . and still be able to provide [her]self and dependents with the necessities of life." *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948).

## I. Twoeagles has not established indigency.

Twoeagles failed to properly fill out the financial portion of the IFP application, erroneously stating that her right to proceed IFP is "automatic through the Americans with Disabilities Act." Doc. 2 at 1. She refused to inform the Court of her income, stating, "BIA – non-requirement." *Id.* Twoeagles is 50 years old and states that she has had 40 years of schooling. *See id.* at 5. She states that she has paid attorneys and other people money for their services in connection with this case, but states the amount is "private." *Id.* She also states: "assets are frozen due to other legal filings," but

2

she does not explain what those are, nor does she explain why she checked the box stating that she expects major changes in her monthly income and expenses or assets during the next 12 months. *See id.* Failure to "fill out the proper forms or to otherwise provide the district court with the requisite information" in a sworn affidavit is grounds to deny a motion to proceed IFP because the Court is not required to rely on a plaintiff's "bald assertions" that she is unable to pay fees. *Lister*, 408 F.3d at 1313. The affidavit requirement also serves as a deterrent function because "[o]ne who makes this affidavit exposes [her]self to the pains of perjury in a case of bad faith. . . . This constitutes a sanction important in protection of the public against a false or fraudulent invocation of the statute's benefits." *Adkins*, 335 U.S. at 338 (internal quotation marks omitted). The perjury sanction thus serves to protect the public against misuse of public funds by a litigant with adequate funds of her own. Twoeagles' application to proceed IFP should, therefore, be denied and her Complaint should be dismissed. *See* § 1915(e)(2)(A); *Trujillo*, 465 F.3d at 1217 n. 5.

## II.     Twoeagles has failed to state a cognizable federal claim against any Defendant.

Even if Twoeagles could show that she is indigent, the Court should dismiss her Complaint. Twoeagles brings suit under 42 U.S.C. § 1983. The allegations are sparse, her Complaint is disjointed, and she complains about four apparently unrelated incidents. One incident involves the alleged use of "brutal force" during her arrest by the "City of Albuquerque Police Department." Compl. at 2. She states that unnamed officers "threw me into the Police Department car, which caused the loss of a baby I was expecting" and caused "severe damage to my chest and pelvic area." *Id.* As noted above, Twoeagles is 50 years old, but she does not give a date or place where the incident allegedly occurred, nor does she identify the officers who allegedly used excessive force. She names only the Albuquerque Police Department ("APD") as a Defendant in relation to this

claim. But "police departments such as . . . APD are not suable entities under § 1983, because they lack legal identities apart from the municipality." *Ketchum v. Albuquerque Police Dep't*, No. 91-2200, 1992 WL 51481, at *2 (10th Cir. Mar. 12, 1992); *Henry v. Albuquerque Police Dep't.*, No. 01-2297, 49 Fed. App'x. 272, 274 n.1, 2002 WL 31379859, *1 n.1 (10th Cir. Oct. 23, 2002) (accord).

Even if the Court permitted Twoeagles to amend her Complaint to substitute the City of Albuquerque for APD, "municipal governments may incur liability under § 1983 [only] when 'the action that is alleged to be unconstitutional implements or executes a policy, statement, ordinance, regulation or decision officially adopted and promulgated by that body's officers.'" *Olsen v. Layton Hills Mall*, 312 F.3d 1304, 1318 (10th Cir. 2002) (quoting *Monell v. Dep't. of Soc. Servs.*, 436 U.S. 658, 690 (1978)). Twoeagles has made no allegations that an APD or City policy or custom was the moving force behind the officers' alleged use of excessive force, thus she has failed to state a claim against the City of Albuquerque. Although Twoeagles contends that her claim for excessive force is also brought under the American with Disabilities Act, *see* Compl. at 3, her allegations do not support a cause of action under that Act. *See Wehrley v. Am. Family Mut. Ins. Co.*, No. 12-1079, 2013 WL 1092856, *3 (10th Cir. Mar. 18, 2013) ("The ADA prohibits covered employers from discriminating against 'a qualified individual on the basis of disability.' 42 U.S.C. § 12112(a).").

The second incident for which Twoeagles brings suit arose after her five grandchildren "were removed from both of [Twoeagles'] adult daughters." Compl. at 2. Twoeagles states that an unidentified "worker"- apparently employed by Bernalillo County Child Protective Services , which is a division of New Mexico's Children, Youth, and Families Department - "neglected completing her required job by cooperating with" Twoeagles at an unidentified time. *Id.* Twoeagles concludes

4

that her "grandparent's rights were falsely denied." *Id.* Again, Twoeagles sues only a division of a state agency, which cannot be sued in its own capacity because it lacks a legal identity apart from the State. *See Roberts v. Hartz*, No. 03-2054, 113 Fed. App'x 306 (10th Cir. Sept. 1, 2004) (Tenth Circuit affirming dismissal of grandmother's suit against Marci Kennai, the "Head of Child Protective Services for the New Mexico Children, Youth, and Families Department"). And the Court should not permit Twoeagles to substitute the State or the employee acting in her official capacity as a Defendant because "neither a State nor its officials acting in their official capacities are 'persons' under § 1983." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66 (1989); *see Buchanan v. Oklahoma*, No. 10-6099, 398 Fed. App'x 339, 341, 2010 WL 3965898, *2 (10th Cir. Oct. 12, 2010) ("States, state agencies, and state officials acting in their official capacities are not 'persons' acting under color of state law; thus, Eleventh Amendment sovereign immunity bars claims against these defendants unless the state has waived that immunity").

Twoeagles fails to state a cognizable § 1983 claim against the worker in her individual capacity because Twoeagles alleges only that the worker "neglected" to do her job. *See Zinermon v. Burch*, 494 U.S. 113, 129 n.14 (1990) (noting that "this Court ruled, in *Daniels v. Williams*, 474 U.S. 327, 336, 106 S. Ct. 662, 667, 88 L. Ed. 2d 662 (1986), that a negligent act by a state official does not give rise to § 1983 liability").

In a separate "Information sheet for T.R.O.," Twoeagles requests injunctive relief to "stop the adoption proceedings of my 5 grandchildren." Doc. 1, Att. 1. In the spaces for the "activity sought to be restrained or compelled," she states, "transfer of grandparent rights or children being moved from state of New Mexico." *Id.* Insofar as Twoeagles seeks injunctive relief interfering in the state-court adoption proceedings, the Court may not interfere with the custodial decisions of the state courts by

granting custody or visitation rights where none have been awarded in the custodial proceedings; nor may it reverse any state-court decisions. *See Morrow v. Winslow*, 94 F.3d 1386, 1393 (10th Cir. 1996) (noting that the comity considerations of the *Younger* abstention doctrine are particularly vital in "child custody proceedings[, which] are an especially delicate subject of state policy"); *Hennelly v. Flor de Maria Oliva*, No. 06-2265, 237 Fed. App'x 318, 320, 2007 WL 1464248, *1 (10th Cir. May 21, 2007) (noting that the *Rooker-Feldman* doctrine precludes federal courts from reviewing the final decisions of state tribunals in child-custody matters, and the *Younger* abstention doctrine prevents the federal district court from interfering in an ongoing state child-custody proceeding). Further, under 28 U.S.C. § 2283, federal courts "may not grant injunctions to stay proceedings in a State Court except as is expressly authorized" by the statute, and no exception to that statute applies in this case.

The third incident about which Twoeagles complains is just as amorphous as her two previous claims. She alleges that "my cars and other types of vehicles were destroyed and there was an attempt to burn my home down made to stop me. We are still in terrorism clean up process." Compl. at 2-3. Twoeagles fails to identify who allegedly committed those acts or where or when they happened, thus she has failed to state a cognizable federal claim against any Defendant.

Twoeagles next complains that "the Bernalillo County Sheriffs Department solicited me for prostitution at the Zuxax [sic] gas station." Compl. at 3. Again, she cannot sue the Sheriff's Department as a separate legal entity from Bernalillo County, and if she were permitted to substitute the County for the Sheriff's Department, she has failed to allege any facts to show that the County's policy or custom was the moving force behind the unidentified officer's alleged solicitation. *See Layton v. Bd. of County Com'rs*, No. 11–6223, __ F. App'x __, __, 2013 WL 925807, *6 (10th Cir.

6

Mar. 12, 2013).  Further, her allegations do not support a claim for a constitutional violation.

Because Twoeagles has failed to establish indigency and has also failed to allege sufficient facts to state a cognizable federal claim against any Defendant, I recommend that the Court deny the motion to proceed IFP and dismiss the Complaint without prejudice under §1915(e)(2)(A) & (B)(ii) and *Trujillo*, 465 F.3d at 1217 n. 5.

_____

**CHIEF UNITED STATES MAGISTRATE JUDGE**