IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

REVEREND CYNTHIA LOUISE
ZEEDYK TWOEAGLES, PH.R.,

    Plaintiff,

vs.                                                                                                       No. CIV 13-0421 JB/KBM

BERNALILLO COUNTY CHILD PROTECTIVE SERVICES;
ALBUQUERQUE POLICE DEPARTMENT;
BERNALILLO COUNTY SHERIFF'S OFFICE,

    Defendants.

## MEMORANDUM OPINION AND ORDER ADOPTING THE CHIEF MAGISTRATE JUDGE'S PROPOSED ANALYSIS AND RECOMMENDED DISPOSITION

**THIS MATTER** comes before the Court on the Chief Magistrate Judge's Analysis and Recommended Disposition, filed May 15, 2013 (Doc. 8)("A&RD"). The primary issue is whether the Court should adopt the recommendations of the Honorable Karen B. Molzen, Chief United States Magistrate Judge, to deny pro-se Plaintiff Cynthia Louise Zeedyk Twoeagles' Application to Proceed in District Court without Prepaying Fees or Costs, filed May 6, 2013 (Doc. 2)("Application"), and dismiss without prejudice her Civil Rights Complaint Pursuant to 42 U.S.C. § 1983, filed May 6, 2013 (Doc. 1)("Complaint"). Because Twoeagles has not objected to Chief Magistrate Judge Molzen's A&RD, and because Chief Magistrate Judge Molzen's recommendations are not clearly erroneous, arbitrary, obviously contrary to law, or an abuse of discretion, the Court will adopt the A&RD, deny permission to proceed in forma pauperis, and dismiss without prejudice Twoeagles' Complaint.

## PROCEDURAL BACKGROUND

As Chief Magistrate Judge Molzen notes, Twoeagles failed to properly fill out the financial

portion of the Application.   After the Clerk's Office's Notice of Deficiency requiring Twoeagles to completely fill out the IFP forms were returned to the Court as "undeliverable" when sent to the mailing address that Twoeagles furnished the Court, the Clerk re-sent the Notice to Twoeagles' post office address on May 9, 2013.  See Notice of Deficiency, filed May 6, 2013; Docs. 6, 7 (showing mail returned); Doc. 8 (staff note stating that Notice was re-sent to post-office address).  The Notice was not returned, but Twoeagles still has not filled out the IFP application.

Chief Magistrate Judge Molzen set out Twoeagles' factual allegations, which sparsely discuss four apparently unrelated incidents.  As to Twoeagles' claim for excessive force, Chief Magistrate Judge Molzen notes that Twoeagles did "not give a date or place where the incident allegedly occurred, nor does she identify the officers who allegedly used excessive force.  She names only the Albuquerque Police Department ("APD") as a Defendant in relation to this claim." A&RD at 3-4.  Chief Magistrate Judge Molzen concludes that Twoeagles "made no allegations that an APD or City policy or custom was the moving force behind the officers' alleged use of excessive force, thus she has failed to state a claim against the City of Albuquerque."   A&RD at 4.

> Twoeagles' second claim arose
>
> after her five grandchildren "were removed from both of [Twoeagles'] adult daughters."  Compl. at 2.  Twoeagles states that an unidentified "worker"- apparently employed by Bernalillo County Child Protective Services , which is a division of New Mexico's Children, Youth, and Families Department - "neglected completing her required job by cooperating with" Twoeagles at an unidentified time.  Id.  Twoeagles concludes that her "grandparent's rights were falsely denied."  Id.

A&RD at 4-5.   Chief Magistrate Judge Molzen recommends dismissal of this claim against

> the State or the employee acting in her official capacity as a Defendant because "neither a State nor its officials acting in their official capacities are 'persons' under § 1983."  Will v. Mich. Dep't of State Police, 491 U.S. 58, 66 (1989); see Buchanan v. Oklahoma, No. 10-6099, 398 Fed. App'x 339, 341, 2010 WL

> 3965898, *2 (10th Cir. Oct. 12, 2010) ("States, state agencies, and state officials acting in their official capacities are not 'persons' acting under color of state law; thus, Eleventh Amendment sovereign immunity bars claims against these defendants unless the state has waived that immunity").

A&RD at 5.  Chief Magistrate Judge Molzen recommends that the Court not permit Twoeagles to amend her Complaint to name the worker in her individual capacity

> because Twoeagles alleges only that the worker "neglected" to do her job.  See Zinermon v. Burch, 494 U.S. 113, 129 n.14 (1990) (noting that "this Court ruled, in Daniels v. Williams, 474 U.S. 327, 336, 106 S. Ct. 662, 667, . . . (1986), that a negligent act by a state official does not give rise to § 1983 liability").

A&RD at 5.  Chief Magistrate Judge Molzen further recommends that the Court dismiss Twoeagles' request for injunctive relief to stop the state-court adoption proceedings because the Younger v. Harris, 401 U.S. 37 (1971), abstention doctrine prohibits the Court from assuming jurisdiction over such matters.   See A&RD at 5-6.

As to Twoeagles' allegations that "my cars and other types of vehicles were destroyed and there was an attempt to burn my home down made to stop me[;]   [w]e are still in terrorism clean up process," Complaint at 2-3, Chief Magistrate Judge Molzen concludes that "Twoeagles fails to identify who allegedly committed those acts or where or when they happened, thus she has failed to state a cognizable federal claim against any Defendant," A&RD at 6.

Finally, Twoeagles alleges that "the Bernalillo County Sheriff[']s Department solicited me for prostitution at the Zuxax [sic] gas station," Complaint at 3, but Chief Magistrate Judge Molzen concludes that Twoeagles

> cannot sue the Sheriff's Department as a separate legal entity from Bernalillo County, and if she were permitted to substitute the County for the Sheriff's Department, she has failed to allege any facts to show that the County's policy or custom was the moving force behind the unidentified officer's alleged solicitation.

May 15, 2013 A&RD at 6.

Finding no other allegations sufficient to state a claim for relief against any Defendant, Chief Judge Molzen recommends that the Court deny Twoeagles' Application and dismiss her Complaint without prejudice pursuant to 28 U.S.C. § 1915(a)(1) and (e)(2), and Trujillo v. Williams, 465 F.3d 1210, 1224 (10th Cir. 2006).  Although Chief Magistrate Judge Molzen warned Twoeagles that failure to file written objections to the A&RD would result in a waiver of any review, see A&RD at 1, n.1, Twoeagles has filed no objections to the A&RD.

## LAW REGARDING OBJECTIONS TO PROPOSED FINDINGS AND RECOMMENDATIONS

District courts may refer dispositive motions to a magistrate judge for a recommended disposition.  See Fed. R. Civ. P. 72(b)(1) ("A magistrate judge must promptly conduct the required proceedings when assigned, without the parties' consent, to hear a pretrial matter dispositive of a claim or defense . . . .").  Rule 72(b)(2) governs objections: "Within 10 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations."  Finally, when resolving objections to a magistrate judge's proposal, "the district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to.  The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions."  Fed. R. Civ. P. 72(b)(3).  Similarly, 28 U.S.C. § 636 provides:

> A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.  The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

28 U.S.C. § 636(b)(1)(C).

"The filing of objections to a magistrate's report enables the district judge to focus attention on those issues -- factual and legal -- that are at the heart of the parties' dispute." United States v. One Parcel of Real Property, With Buildings, Appurtenances, Improvements, and Contents, 73 F.3d 1057, 1059 (10th Cir. 1996)("One Parcel")(quoting Thomas v. Arn, 474 U.S. 140, 147 (1985)).  As the Tenth Circuit has noted, "the filing of objections advances the interests that underlie the Magistrate's Act, including judicial efficiency."  One Parcel, 73 F.3d at 1059 (citing Niehaus v. Kan. Bar Ass'n, 793 F.2d 1159, 1165 (10th Cir. 1986); United States v. Walters, 638 F.2d 947, 950 (6th Cir. 1981)).

The Tenth Circuit has held "that a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review."  One Parcel, 73 F.3d at 1060.  "To further advance the policies behind the Magistrate's Act, [the Tenth Circuit], like numerous other circuits, have adopted 'a firm waiver rule' that 'provides that the failure to make timely objections to the magistrate's findings or recommendations waives appellate review of both factual and legal questions.'"  One Parcel, 73 F.3d at 1059 (citations omitted).  In addition to requiring specificity in objections, the Tenth Circuit has stated that "[i]ssues raised for the first time in objections to the magistrate judge's recommendation are deemed waived."  Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996).  See United States v. Garfinkle, 261 F.3d 1030, 1030-31 (10th Cir. 2001)("In this circuit, theories raised for the first time in objections to the magistrate judge's report are deemed waived.").  In an unpublished opinion, the Tenth Circuit stated that "the district court correctly held that [a petitioner] had waived [an] argument by failing to raise it before the magistrate."  Pevehouse v. Scibana, 229 F. App'x 795, 796 (10th Cir. 2007)(unpublished).

In One Parcel, the Tenth Circuit, in accord with other courts of appeals, expanded the

waiver rule to cover objections that are timely but too general.  See One Parcel, 73 F.3d at 1060.  The Supreme Court of the United States -- in the course of approving the United States Court of Appeals for the Sixth Circuit's use of the waiver rule -- has noted:

> It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings.  The House and Senate Reports accompanying the 1976 amendments do not expressly consider what sort of review the district court should perform when no party objects to the magistrate's report.  See S. Rep. No. 94-625, pp. 9-10 (1976) (hereafter Senate Report); H. R. Rep. No. 94-1609, p. 11 (1976), U.S. Code Cong. & Admin. News 1976, p. 6162 (hereafter House Report).   There is nothing in those Reports, however, that demonstrates an intent to require the district court to give any more consideration to the magistrate's report than the court considers appropriate.  Moreover, the Subcommittee that drafted and held hearings on the 1976 amendments had before it the guidelines of the Administrative Office of the United States Courts concerning the efficient use of magistrates.  Those guidelines recommended to the district courts that "[w]here a magistrate makes a finding or ruling on a motion or an issue, his determination should become that of the district court, unless specific objection is filed within a reasonable time."  See Jurisdiction of United States Magistrates, Hearings on S. 1283 before the Subcommittee on Improvements in Judicial Machinery of the Senate Committee on the Judiciary, 94th Cong., 1st Sess., 24 (1975) (emphasis added) (hereafter Senate Hearings).  The Committee also heard Judge Metzner of the Southern District of New York, the chairman of a Judicial Conference Committee on the administration of the magistrate system, testify that he personally followed that practice.  See id., at 11 ("If any objections come in, . . . I review [the record] and decide it.  If no objections come in, I merely sign the magistrate's order.").  The Judicial Conference of the United States, which supported the *de novo* standard of review eventually incorporated in § 636(b)(1)(C), opined that in most instances no party would object to the magistrate's recommendation, and the litigation would terminate with the judge's adoption of the magistrate's report.  See Senate Hearings, at 35, 37.  Congress apparently assumed, therefore, that any party who was dissatisfied for any reason with the magistrate's report would file objections, and those objections would trigger district court review.  There is no indication that Congress, in enacting § 636(b)(1)(C), intended to require a district judge to review a magistrate's report to which no objections are filed.  It did not preclude treating the failure to object as a procedural default, waiving the right to further consideration of any sort.  We thus find nothing in the statute or the legislative history that convinces us that Congress intended to forbid a rule such as the one adopted by the Sixth Circuit.

Thomas v. Arn, 474 U.S. at 150-52 (emphasis in original)(footnotes omitted).

The Tenth Circuit also noted, "however, that '[t]he waiver rule as a procedural bar need not be applied when the interests of justice so dictate.'" One Parcel, 73 F.3d at 1060 (quoting Moore v. United States, 950 F.2d 656, 659 (10th Cir. 1991)("We join those circuits that have declined to apply the waiver rule to a pro se litigant's failure to object when the magistrate's order does not apprise the pro se litigant of the consequences of a failure to object to findings and recommendations.")(citations omitted). Cf. Thomas v. Arn, 474 U.S. at 154 (noting that, while "[a]ny party that desires plenary consideration by the Article III judge of any issue need only ask," a failure to object "does not preclude further review by the district judge, sua sponte or at the request of a party, under a de novo or any other standard"). In One Parcel, the Tenth Circuit noted that the district judge had decided sua sponte to conduct a de novo review despite the lack of specificity in the objections, but the Tenth Circuit held that it would deem the issues waived on appeal because it would advance the interests underlying the waiver rule. See 73 F.3d at 1060-61 (citing cases from other circuits where district courts elected to address merits despite potential application of waiver rule, but circuit courts opted to enforce waiver rule).

Where a party files timely and specific objections to the magistrate judge's proposed findings and recommendation, "on [] dispositive motions, the statute calls for a *de novo* determination, not a *de novo* hearing." United States v. Raddatz, 447 U.S. 667, 674 (1980). "[I]n providing for a '*de novo* determination' rather than *de novo* hearing, Congress intended to permit whatever reliance a district judge, in the exercise of sound judicial discretion, chose to place on a magistrate's proposed findings and recommendations." United States v. Raddatz, 447 U.S. at 676 (quoting 28 U.S.C. § 636(b); citing Mathews v. Weber, 423 U.S. 261, 275 (1976)). The Tenth Circuit requires a "district court to consider relevant evidence of record and not merely review the magistrate judge's recommendation," when conducting a de novo review of a party's

timely, specific objections to the magistrate's report. In re Griego, 64 F.3d 580, 583-84 (10th Cir. 1995). "When objections are made to the magistrate's factual findings based on conflicting testimony or evidence . . . . the district court must, at a minimum, listen to a tape recording or read a transcript of the evidentiary hearing." Gee v. Estes, 829 F.2d 1005, 1008-09 (10th Cir. 1987).

A district court must "clearly indicate that it is conducting a de novo determination" when a party objects to the magistrate's report "based upon conflicting evidence or testimony." Gee v. Estes, 829 F.2d at 1009. On the other hand, a district court fails to meet the requirements of 28 U.S.C. § 636(b)(1) when it indicates that it gave "considerable deference to the magistrate's order." Ocelot Oil Corp. v. Sparro Indus., 847 F.2d 1458, 1464 (10th Cir. 1988). A district court need not, however, "make any specific findings; the district court must merely conduct a *de novo* review of the record." Garcia v. City of Albuquerque, 232 F.3d 760, 766 (10th Cir. 2000). "[T]he district court is presumed to know that de novo review is required. . . . Consequently, a brief order expressly stating the court conducted de novo review is sufficient." Northington v. Marin, 102 F.3d 1564, 1570 (10th Cir. 1996)(citing In re Griego, 64 F.3d at 583-84). "[E]xpress references to de novo review in its order must be taken to mean it properly considered the pertinent portions of the record, absent some clear indication otherwise." Bratcher v. Bray-Doyle Indep. Sch. Dist. No. 42, 8 F.3d 722, 724 (10th Cir. 1993). The Tenth Circuit has previously held that a district court properly conducted a de novo review of a party's evidentiary objections when the district court's "terse" order contained one sentence for each of the party's "substantive claims" and did "not mention his procedural challenges to the jurisdiction of the magistrate to hear the motion." Garcia v. City of Albuquerque, 232 F.3d at 766. The Tenth Circuit has explained that brief district court orders that "merely repeat the language of § 636(b)(1) to indicate its compliance" are sufficient to demonstrate that the district court conducted a de novo review:

> It is common practice among district judges in this circuit to make such a statement and adopt the magistrate judges' recommended dispositions when they find that magistrate judges have dealt with the issues fully and accurately and that they could add little of value to that analysis. We cannot interpret the district court's statement as establishing that it failed to perform the required de novo review.

In re Griego, 64 F.3d at 584.

Notably, because a district court may place whatever reliance it chooses on a magistrate's proposed findings and recommendations, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate," 28 U.S.C. § 636(b)(1), as "Congress intended to permit whatever reliance a district judge, in the exercise of sound judicial discretion, chose to place on a magistrate's proposed findings and recommendations," United States v. Raddatz, 447 U.S. at 676)(emphasis omitted).  See Bratcher v. Bray-Doyle Indep. Sch. Dist. No. 42, 8 F.3d at 724-25 (holding that the district court's adoption of the magistrate judge's "particular reasonable-hour estimates" is consistent with the de novo determination that 28 U.S.C. § 636(b)(1) and   United States v. Raddatz require).

Where no party objects to the magistrate judge's proposed findings and recommended disposition, the Court has, as a matter of course in the past and in the interests of justice, reviewed the magistrate judge's recommendations.  In Pablo v. Soc. Sec. Admin., No. CIV 11-0132 JB/ACT, 2013 WL 1010401 (D.N.M. Feb. 27, 2013)(Browning, J.), the plaintiff failed to respond to the magistrate judge's proposed findings and recommended disposition and thus waived his right to appeal the recommendations, but the Court nevertheless conducted a review.  The Court generally does not, however, "review the PF&RD de novo, because the parties have not objected thereto, but rather review[s] the recommendations to determine whether they are clearly erroneous, arbitrary, obviously contrary to law, or an abuse of discretion."  Pablo v. Soc. Sec. Admin., 2013 WL 1010401, at *4.  The Court, thus, does not determine independently what it would do if the

issues had come before the Court first, but rather adopts the proposed findings and recommended disposition where "[t]he Court cannot say that the Magistrate Judge's recommendation . . . is clearly erroneous, arbitrary, obviously contrary to law, or an abuse of discretion." Pablo v. Soc. Sec. Admin., 2013 WL 1010401, at *4.  See Alexandre v. Astrue, No. CIV 11-0384 JB/SMV, 2013 WL 1010439, at *4 (D.N.M. Feb. 27, 2013)(Browning, J.)("The Court rather reviewed the findings and recommendations of the Honorable Stephan M. Vidmar, United States Magistrate Judge, to determine if they are clearly erroneous, arbitrary, obviously contrary to law, or an abuse of discretion.  The Court determines that they are not, and will therefore adopt the PFRD."); Trujillo v. Soc. Sec. Admin., No. CIV 12-1125 JB/KBM, 2013 WL 1009050, at *5 (D.N.M. Feb. 28, 2013)(Browning, J.)(adopting the proposed findings and conclusions, noting: "The Court did not review the ARD de novo, because Trujillo has not objected to it, but rather reviewed the . . . findings and recommendation to determine if they are clearly erroneous, arbitrary, obviously contrary to law, or an abuse of discretion, which they are not").   This review, which is deferential to the magistrate judge's work when there is no objection, nonetheless provides some review in the interest of justice, and seems more consistent with the waiver rule's intent than no review at all or a full-fledged review.   Accordingly, the Court considers this standard of review appropriate.   See Thomas v. Arn, 474 U.S. at 151 ("There is nothing in those Reports, however, that demonstrates an intent to require the district court to give any more consideration to the magistrate's report than the court considers appropriate.").   The Court is reluctant to have no review at all if its name is going at the bottom of the order adopting the magistrate judge's proposed findings and recommendations.

## ANALYSIS

Twoeagles has filed no objections to the A&RD, and the time for filing them has now

passed.  See Fed. R. Civ. P. 72(b)(2) ("Within 14 days after being served with a copy of the disposition, a party may serve and file specific written objections to the proposed findings and recommendations.").  Twoeagles, therefore, has failed to comply with the Tenth Circuit's requirements to preserve any issue for appellate review.  See One Parcel, 73 F.3d at 1060 (holding "that a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review").  The Court has reviewed Chief Magistrate Judge Molzen's A&RD and the reasoning therein, and cannot say that Chief Magistrate Judge Molzen's recommendations are clearly erroneous, arbitrary, obviously contrary to law, or an abuse of discretion.  See Pablo v. Soc. Sec. Admin., 2013 WL 1010401, at *4 (adopting the proposed findings and recommended disposition where "[t]he Court cannot say that the Magistrate Judge's recommendation . . . is clearly erroneous, arbitrary, obviously contrary to law, or an abuse of discretion.").  Accordingly, there being no objections to the recommendation, the Court will adopt that decision as its own.

**IT IS ORDERED** that: (i) the Court adopts the Chief Magistrate Judge's Analysis and Recommended Disposition, filed May 15, 2013 (Doc. 8); (ii) the Plaintiff's Application to Proceed in District Court without Prepayment of Costs or Fees, filed May 6, 2013 (Doc. 2), is denied; and (iii) the Plaintiff's Civil Rights Complaint Pursuant to 42 U.S.C. § 1983, filed May 6, 2013 (Doc. 1), is dismissed without prejudice.

_____
UNITED STATES DISTRICT JUDGE

*Parties::*

Cynthia Louise Zeedyk Twoeagles
Moriarty, New Mexico

    *Plaintiff pro se*